Wayne A. Gavioli, Esq. Informal Opinion Town Attorney No. 96-14 Town of Orangetown Town Hall Orangeburg, N Y 10962
Dear Mr. Gavioli:
You have asked whether in the Town of Orangetown, upon creation of the office of third town justice, the town board immediately may appoint a person to fill that position or whether the electorate must be given that responsibility at a general election with the winner taking office on January 1.
Under section 20(1)(i) of the Town Law, the town board of the Town of Orangetown at least 60 days prior to any general or special election may adopt a resolution, subject to a permissive referendum, providing that the town will have three town justices. Upon the adoption of such a resolution or if a referendum is held and a majority of the voters vote for the proposition to establish a third town justice,
 the electors of such town shall elect at the succeeding general election a town justice who shall take office for a term of four years beginning on the first day of January next succeeding such biennial town election.
In our view, following establishment of the position of third town justice, the first incumbent is to be elected at the succeeding general election and will take office on the 1st day of January after that election. The statutory language "succeeding general election" is a reference to the general election that follows the general or special election occurring after the 60-day period. For example, upon the enactment of a resolution today to establish the position of third town justice, an election to fill that position initially would occur in November of 1997 at the biennial town election (the general election).
It is apparent that the statute has been drafted to comply with Article VI, section 17(d) of the Constitution which provides that the justices of town courts "shall be chosen by the electors of the town for terms of four years from and including the first day of January next after their election". An appointment by the town board initially to fill this position once it has been established would violate the provisions of the Constitution governing both term and method of selection. The establishment of the position and the initial term of office are subject to this constitutional provision and are distinguishable from the filling of a vacancy that might occur at some time during the term. Under the latter circumstances, the town board can make an interim appointment followed by action by the voters. Because this is the initiation of the office after creation, the town board cannot treat their appointment as the filling of a vacancy.
We conclude that upon establishment of the office of third town justice in the Town of Orangetown, the first occupant of the position is chosen by the electorate at a general town election.
The Attorney General renders formal opinions only to officers and departments of State government. This perforce is an informal and unofficial expression of the views of this office.
Very truly yours,
JAMES D. COLE, Assistant Attorney General
in Charge of Opinions